# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARIO GUERRERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRYON BLEUM, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-10948-SKO (PC)<br><br>ORDER (1) DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM AND HABEAS PETITION FORM, (2) DISMISSING COMPLAINT, AND (3) REQUIRING PLAINTIFF TO FILE HABEAS PETITION, AMENDED COMPLAINT, OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS<br><br>(Doc. 1) |

## I.  Background

Plaintiff Luis Mario Guerrero ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 20, 2014.[1]  The United States District Court for the Northern District of California transferred the action to the Eastern District of California given Plaintiff's present incarceration at Valley State Prison ("VSP") in Chowchilla, California, as venue for claims arising out of conditions of confinement at VSP is proper in this district.  28 U.S.C. § 1391(b).  However, the precise basis for Plaintiff's legal claim is unclear, and

---

[1] Plaintiff alternates identifying himself as Luis Mario Guerrero, Luis Mario Guerrero Angulo, and Luis Mario Angulo Vaes.

Plaintiff shall be required to clarify the nature of his claim.[2]  *See* 28 U.S.C. § 1915A(a) (courts are required to review complaints brought by prisoners against governmental entities or against officers or employees of governmental entities).

## II.      Nature of Claim

Plaintiff is incarcerated at VSP and if he seeks to litigate his conditions of confinement at VSP in this action, venue is proper in this district.[3]  28 U.S.C. § 1391(b).  However, Plaintiff is suing various state parole agents and police officers located in Los Angeles, California, and if he is seeking to litigate a violation of his federal rights based on events which occurred in Los Angeles, venue is proper in the Central District of California and this case will be transferred.  28 U.S.C. § 1404(a); s*ee Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).  (Doc. 1, Comp., §§ II, III.)  Further complicating this determination is the relief sought by Plaintiff: an order vacating his conviction and retrial in federal court, apparently.[4]  While a challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus.  28 U.S.C. § 2254(a); *Badea v.Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)); *accord Beardslee v. Woodford*, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).

---

[2] Plaintiff filed two applications to proceed in forma pauperis, but determination of appropriate filing fee is dependent upon Plaintiff's clarification regarding the nature of his claim and the Court defers its ruling until Plaintiff files either an amended complaint or a habeas petition.  28 U.S.C. § 1914(a).

[3] Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Liability under section 1983 may not be imposed under a theory of *respondeat superior*, and Plaintiff must allege some causal connection between the conduct of each named defendant and the violation at issue.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

[4] For relief sought, Plaintiff alleges, "Yes your honor I am asking for *a reset or refile & retrial* to a fed. trial-court for lawsuit  - suppression ground & compensation order through the LA [Sheriff's] Dept. & Administration/County as ordered by them & the County of LA."  (Comp., § IV (emphasis added).)

The Court will direct the Clerk's Office to provide Plaintiff with a habeas petition form and a complaint form.  Plaintiff shall file either (1) a habeas petition setting forth facts supporting his challenge to the fact and/or the duration of his confinement <u>or</u> (2) a complaint setting forth facts supporting his claim that his federal rights were violated, through either his conditions of confinement at VSP <u>or</u> the actions or omissions of police offers and parole agents in Los Angeles. Depending on whether Plaintiff intends to pursue a habeas petition or a civil rights action, the Court will rule on his pending application to proceed in forma pauperis as is appropriate.  In the alternative, if Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

### III.    Order

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a habeas petition form and a complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff required to file a habeas petition, an amended complaint, or a notice of voluntary dismissal; and

3.    The failure to comply with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

Dated:    **December 12, 2014**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE

3