# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARIO GUERRERO,<br><br>  Plaintiff,<br><br>  v.<br><br>BRYON BLEUM, et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:14-cv-10948-SKO (PC)<br><br>ORDER DIRECTING CLERK'S OFFICE TO OPEN SEPARATE HABEAS CASE AND DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 11)<br><br>THIRTY DAY DEADLINE |

Plaintiff Luis Mario Guerrero ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 20, 2014.[1] The United States District Court for the Northern District of California transferred the action to the Eastern District of California given Plaintiff's present incarceration at Valley State Prison ("VSP") in Chowchilla, California, as venue for claims arising out of conditions of confinement at VSP is proper in this district. 28 U.S.C. § 1391(b). However, the precise basis for Plaintiff's legal claim was unclear, and Plaintiff was ordered to clarify the nature of his claim. *See* 28 U.S.C. § 1915A(a) (courts are required to review complaints brought by prisoners against governmental entities or against officers or employees of governmental entities). To that end, Plaintiff was provided with the following notice:

---

[1] Plaintiff identified himself alternatively as Luis Mario Guerrero, Luis Mario Guerrero Angulo, and Luis Mario Angulo Vaes.

> Plaintiff is incarcerated at VSP and if he seeks to litigate his conditions of confinement at VSP in this action, venue is proper in this district.[2] 28 U.S.C. § 1391(b). However, Plaintiff is suing various state parole agents and police officers located in Los Angeles, California, and if he is seeking to litigate a violation of his federal rights based on events which occurred in Los Angeles, venue is proper in the Central District of California and this case will be transferred. 28 U.S.C. § 1404(a); s*ee Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). (Doc. 1, Comp., §§ II, III.) Further complicating this determination is the relief sought by Plaintiff: an order vacating his conviction and retrial in federal court, apparently.[3] While a challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a); *Badea v.Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)); *accord Beardslee v. Woodford*, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).
>
> The Court will direct the Clerk's Office to provide Plaintiff with a habeas petition form and a complaint form. Plaintiff shall file either (1) a habeas petition setting forth facts supporting his challenge to the fact and/or the duration of his confinement or (2) a complaint setting forth facts supporting his claim that his federal rights were violated, through either his conditions of confinement at VSP or the actions or omissions of police offers and parole agents in Los Angeles. Depending on whether Plaintiff intends to pursue a habeas petition or a civil rights action, the Court will rule on his pending application to proceed in forma pauperis as is appropriate. In the alternative, if Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

(Doc. 9, Order, 2:5-3:9.)

Instead of complying with the order, Plaintiff filed an amended complaint and a habeas petition in this action, neither of which set forth a coherent statement of claim. The Court remains unable to discern the bases for Plaintiff's claims or to determine whether venue is proper in this district for his civil rights claims.

Plaintiff may not proceed in one action on his civil rights and habeas claims. Therefore, Plaintiff's application for leave to proceed in forma pauperis in this civil rights action shall be

---

[2] Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability under section 1983 may not be imposed under a theory of *respondeat superior*, and Plaintiff must allege some causal connection between the conduct of each named defendant and the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

[3] For relief sought, Plaintiff alleges, "Yes your honor I am asking for *a reset or refile & retrial* to a fed. trial-court for lawsuit  - suppression ground & compensation order through the LA [Sheriff's] Dept. & Administration/County as ordered by them & the County of LA." (Comp., § IV (emphasis added).)

1 granted, the Clerk's Office will be directed to open a separate habeas action for Plaintiff, and
2 Plaintiff shall file a second amended complaint in this action.  If the second amended complaint
3 again fails to set forth any coherent claims for relief, this action will be dismissed for failure to
4 state a claim under section 1983.

5     Based on the foregoing, it is HEREBY ORDERED that:

6     1.    The Clerk's Office shall open a separate habeas case and docket Plaintiff's habeas
7 petition and application for leave to proceed in forma pauperis (Doc. 10; Doc. 11, court record pp.
8 5-12);

9     2.    Plaintiff's habeas petition is DISREGARDED in this action and his amended
10 complaint is dismissed, with leave to amend;[4]

11    3.    Within **30 days** from the date of service of this order, Plaintiff required to file a
12 second amended complaint or a notice of voluntary dismissal; and

13    4.    The failure to comply with this order will result in dismissal of this action, without
14 prejudice.

IT IS SO ORDERED.

   Dated:   **January 20, 2015**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Striking the petition is problematic given the confusion of pages between the habeas petition and the amended complaint.

3