# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARIO GUERRERO,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYON BLEUM, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-10948-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 13) |

Plaintiff Luis Mario Guerrero ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on October 20, 2014.[1] On January 21, 2015, the Court dismissed Plaintiff's amended complaint and ordered Plaintiff to file a second amended complaint within thirty days. 28 U.S.C. § 1915A. The deadline was February 23, 2015, and Plaintiff failed to comply with or otherwise responded to the order.[2]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for

---

[1] Plaintiff identified himself alternatively as Luis Mario Guerrero, Luis Mario Guerrero Angulo, and Luis Mario Angulo Vaes.

[2] On February 20, 2015, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicates Plaintiff has been discharged on parole. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1 failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in
2 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
3 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
4 (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products*
5 *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).
6 These factors guide a court in deciding what to do, and are not conditions that must be met in
7 order for a court to take action. *Id.* (citation omitted).

8 Based on Plaintiff's failure to comply with or otherwise respond to the order, this action
9 shall be dismissed. *Id.* This action can proceed no further without Plaintiff's cooperation and
10 compliance with the order at issue, and the action cannot simply remain idle on the Court's
11 docket, unprosecuted. *Id.* Accordingly, this action is HEREBY DISMISSED for failure to
12 prosecute, without prejudice.

13
14 IT IS SO ORDERED.

15 Dated:   **February 25, 2015**              **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE

2